Rudy GONZALES, Petitioner-Appellant,

v.

Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.

No. 30918.

United States Court of Appeals, Fifth Circuit.

May 31, 1972.

D. Michael Worley, Lubbock, Tex., for petitioner-appellant.

Allo B. Craw, Jr., Gilbert J. Pena, Asst. Atty. Gen. of Texas, Austin, Tex., for respondent-appellee.

Before COLEMAN, SIMPSON and RONEY, Circuit Judges.

## ORDER IN COMPLIANCE WITH DECISION OF THE SUPREME COURT

PER CURIAM:

In this case the United States District Court for the Northern District of Texas denied habeas corpus relief to Rudy Gonzales, petitioner-appellant.

On June 21, 1971, this Court affirmed the judgment of the District Court, 445 F.2d 1202.

On April 17, 1972, the Supreme Court granted certiorari and reversed the judgment of this court, 405 U.S. 1052, 92 S.Ct. 1503, 31 L.Ed.2d 787.

Therefore, in compliance with the mandate of the Supreme Court, it is

Ordered that the judgment of the United States District Court for the Northern District of Texas denying habeas corpus relief to the petitioner-appellant, Rudy Gonzales, is hereby reversed.

· Further ordered that the case is remanded to said Court with directions to grant appropriate habeas corpus relief to the said Rudy Gonzales, that is, the State of Texas is to be ordered to release the said petitioner unless it elects to re-try him within a reasonable time on the murder charge here involved.

UNITED STATES of America, Plaintiff-Appellee,

v.

John Anthony BOBO, Defendant-Appellant.

No. 71-3492

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 6, 1972.

Rehearing Denied July 3, 1972.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

Affirmed. *See* Local Rule 21.[1,2]

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y., 431 F.2d 409, Part I (5th Cir. 1970).

1. See N. L. R. B. v. Amalgamated Clothing Workers of America, 430 F.2d 966 (5th Cir. 1970).

2. Appellant was convicted on two counts of transporting in interstate commerce a stolen automobile, knowing the same to have been stolen, in violation of 18 U.S. C.A. § 2312. We find no merit in his contentions that: (1) hearsay evidence was improperly admitted upon several elements of the offenses charged, (2) the court's charge was prejudicial, (3) the court committed reversible error in commenting upon the character of appellant, and (4) the court abused its discretion in sentencing appellant.